**Derek Wayne HUGHES, Petitioner–Appellant,**

v.

**Rosie B. GARCIA, Warden; California Attorney General, Respondent–Appellee.**

No. 00–55992.
D.C. No. CV–99–06169–RAP.

United States Court of Appeals,
Ninth Circuit.

Submitted April 3, 2001 Pasadena,
California *.

Decided June 28, 2001.

Before FERGUSON, SILVERMAN, Circuit Judges, and BREYER **, District Judge.

MEMORANDUM ***

Petitioner Derek Wayne Hughes was convicted of 14 counts of lewd acts

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publi-

upon a child under the age of 14, in violation of California Penal Code § 288(a). Hughes petitioned for habeas relief on three grounds: (1) insufficient evidence; (2) videotaped interview in violation of due process and right to confrontation; and (3) admissibility of prior uncharged acts evidence. The District Court denied Hughes' habeas petition on the basis of procedural default, and subsequently granted a Certificate of Appealability (COA) for Hughes' claim regarding his right to confrontation. Because Hughes' petition cannot succeed on the merits, we need not address the question of procedural default. Additionally, our review is limited to the issue specified in the COA. *Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999); *United States v. Zuno–Arce,* 209 F.3d 1095, 1102 (9th Cir.2000).

Under the Antiterrorism and Effective Death Penalty Act, this Court must uphold the state court's decision unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

■ "[T]he Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination." *California v. Green,* 399 U.S. 149, 158, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). These requirements are satisfied even when the testifying declarant cannot remember the events relayed in the out-of-court statements. *United States v. Owens,* 484 U.S. 554, 559, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). Thus, the state court was not unreasonable in admitting the videotaped testimony despite the child witness's inability

to remember the events she relayed in the videotape.

■ Finally, even if the child had not appeared in court to testify, the videotape evidence would have been admissible. Hearsay statements by children regarding sexual abuse may be admissible even when the child is unavailable, as long as the statements are supported by "particularized guarantees of trustworthiness." *Idaho v. Wright,* 497 U.S. 805, 816, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). The witness's use of language unexpected of a child of similar age, and her lack of motive to fabricate support a finding that her testimony was trustworthy.

AFFIRMED.

---

cation and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

